UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

LINDA HAMILTON,          )     CASE NO:  10-1438-JTM-JPO
                    )
       Plaintiff,      )
                    )
vs.                   )
                    )
CAPITOL FEDERAL      )
FOUNDATION SERVICES, LLC,  )
a  Kansas Limited Liability    )
company,              )
                    )
       Defendant.     )
_____/

## COMPLAINT

Plaintiff, Linda Hamilton ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues CAPITOL FEDERAL FOUNDATION SERVICES, LLC, a Kansas limited liability company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans With Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the District of Kansas, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3.    Plaintiff, Linda Hamilton (hereinafter referred to as "Ms. Hamilton"), is a

1

resident of the State of Kansas and is a qualified individual with a disability under the ADA.  Ms. Hamilton suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from Paraplegia, and requires a wheelchair for mobility.  Prior to instituting the instant action, Ms. Hamilton visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Ms. Hamilton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.     The Defendant, CAPITOL FEDERAL FOUNDATION SERVICES, LLC, (hereinafter referred to as "CAPITOL FEDERAL FOUNDATION SERVICES")    is registered to do business and, is in fact, conducting business in the State of Kansas. Upon information and belief, CAPITOL FEDERAL FOUNDATION SERVICES is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Capitol Federal Savings Bank, located at and around **8040 E. Douglas Rd., Wichita, KS** (hereinafter referred to as the "BANK").

5.     All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the BANK owned by CAPITOL FEDERAL FOUNDATION SERVICES is a place of public accommodation in that it is a BANK operated by a private entity that provides goods and services to the public.

8.     CAPITOL FEDERAL FOUNDATION SERVICES has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the BANK in derogation of 42 U.S.C §12101 *et seq.*

9.     Ms. Hamilton has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the BANK owned by CAPITOL FEDERAL FOUNDATION SERVICES, for which she has her own personal bank accounts located within said bank.  Prior to the filing of this lawsuit, Ms. Hamilton visited the BANK at issue in this lawsuit on many occasions, and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact.  In addition, Ms. Hamilton continues to desire and intends to visit the BANK, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the BANK in violation of the ADA.  Ms. Hamilton has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations

to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     CAPITOL FEDERAL FOUNDATION SERVICES is in violation of 42
U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the
Plaintiff as a result of *inter alia*, the following specific violations:

i.      There are an insufficient number of accessible parking spaces at the facility;
ii.     The accessible signage at the parking area is too low;
iii.    The curb ramp at the main entrance is too steep and contains flared sides that
        are also too steep;
iv.     There is no level landing provided at the exterior door;
v.      The floor mats within the bank are not firmly attached to the floor;
vi.     The teller windows are too high;
vii.    The ATM controls are out of reach range;
viii.   There is no lower drinking fountain provided;

**Women's Restroom:**

ix.     There is no accessible signage provided at the entry door;
x.      There is insufficient knee clearance under the lavatory;
xi.     The pipes under the lavatory are not properly insulated;
xii.    The accessible stall is too narrow;
xiii.   The coat hook is too high;
xiv.    The soap dispenser is out of reach;
xv.     The local on the accessible stall requires twisting and/or grasping of the wrist
        to operate;
xvi.    The feminine hygiene machine contains hardware that requires twisting and/or
        grasping of the wrist to operate;
xvii.   There is no rear grab bar provided;

12.     To date, the barriers to access and other violations of the ADA still exist
and have not been remedied or altered in such a way as to effectuate compliance with the
provisions of the ADA.

13.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304,
CAPITOL FEDERAL FOUNDATION SERVICES was required to make its BANK, a
place of public accommodation, accessible to persons with disabilities by January 28,

1992.  To date, CAPITOL FEDERAL FOUNDATION SERVICES has failed to comply with this mandate.

14.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by CAPITOL FEDERAL FOUNDATION SERVICES pursuant to 42 U.S.C. §12205.

15.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against CAPITOL FEDERAL FOUNDATION SERVICES and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW plaintiff, by and through counsel, and respectfully requests that Wichita, Kansas is designated for place of trial.

Date:  December 30, 2010

s/ Lawrence W. Williamson, Jr.
Lawrence W. Williamson, Jr.
Kansas Bar No:  21282
Williamson Law Firm LLC
816 Ann Avenue
Kansas City, KS  66101
(913) 871-7060 – Telephone
(913) 535-0736 – Facsimile
l.williamson@williamsonfirm.com
Stephan M Nitz
FL Bar Number: 45561
Schwartz, Zweben, LLP
3876 Sheridan Street
Hollywood, Florida  33021
(954) 966-2483-Telephone
(954) 966-2566-Facsimile
snitz@szalaw.com